Gorodetskaya v A/Dale Realty Corp.

2026 NY Slip Op 02969

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Polina Gorodetskaya, appellant,

v

A/Dale Realty Corp., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-07808, (Index No. 150835/21)

Valerie Brathwaite Nelson, J.P.

Helen Voutsinas

Janice A. Taylor

Donna-Marie E. Golia, JJ.

Shlivko Young LLP, New York, NY (Sam J. Shlivko and Jesse Young of counsel), for appellant.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, J.), dated July 3, 2024. The order granted the defendants' motion for summary judgment dismissing the amended complaint.

ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is denied.

The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she tripped and fell on a sidewalk defect in Staten Island. At the time of the accident, the abutting property was owned by the defendant A/Dale Realty Corp., and the defendant Joseph Marotta was the president and sole shareholder of A/Dale Realty Corp. The defendants moved for summary judgment dismissing the amended complaint, contending that the alleged defect at issue was trivial and that Marotta could not be held personally liable for the plaintiff's injuries. In an order dated July 3, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.

"A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79; see Rubin v Sivan Merrick, LLC, 235 AD3d 789, 790). "Generally, the issue of whether a dangerous or defective condition exists . . . depends on the facts of each case and is a question of fact for the jury" (Burtis v Town of Hempstead, 237 AD3d 885, 886 [internal quotation marks omitted]; see Trincere v County of Suffolk, 90 NY2d 976, 977). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place, and circumstance of the injury'" (Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654, 655, quoting Trincere v County of Suffolk, 90 NY2d at 978; see Genutis v 555 Dekalb Ave., LLC, 241 AD3d 878, 880).

Here, the defendants failed to establish, prima facie, that the condition that allegedly caused the plaintiff to fall was trivial and not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82-84). The photographs submitted by the defendants in support of their motion [*2]were not properly authenticated and, thus, not admissible (see Sattar v City of New York, 201 AD3d 756, 757; Gennaro v Cord Meyer Dev. Co. & LLC, 57 AD3d 725, 726). The excerpts from the plaintiff's deposition testimony, her testimony at a hearing pursuant to General Municipal Law § 50-h, and Marotta's deposition testimony, submitted by the defendants in support of their motion, failed to describe the condition at issue with sufficient specificity to establish, as a matter of law, that the condition was trivial and not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82-84; Genutis v 555 Dekalb Ave., LLC, 241 AD3d at 880).

The defendants also failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against Marotta on the ground that there was insufficient evidence to pierce the corporate veil (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see generally Midson v Meeting House Lane Med. Practice, P.C., 230 AD3d 673, 678). A defendant moving for summary judgment does not meet its burden by pointing to gaps in the plaintiff's proof but must affirmatively demonstrate the merit of its defense (see Cooper v First In Queens, Inc., 229 AD3d 761, 763; Reed v Watts Water Tech., Inc., 212 AD3d 740, 741). Hence, the burden never shifted to the plaintiff to raise a triable issue of fact.

Since the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).

BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court